WENDY E. MUSELL (SBN: 203507)
ELISA J. STEWART (SBN: 219557)
STEWART & MUSELL, L.L.P.
2200 Powell Street, Suite 440
Emeryville, CA 94608
Telephone: (415) 593-0083
Facsimile: (415) 520-0920
wmusell@stewartandmusell.com
estewart@stewartandmusell.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA AVENMARG, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| HUMBOLDT COUNTY, JEFFREY BLANCK, and DOES ONE THROUGH FIFTY, inclusive | **DEMAND FOR JURY TIRAL** |
| Defendants | **1. Invasion of Privacy: U.S. Constitution;** |
| | **2. 42 U.S.C. § 1983 [retaliation]** |
| | **3. 42 U.S.C. § 1983 [right to petition]** |
| | **4. 42 U.S.C. § 1983 [familial relations]** |
| | **5. 42 U.S.C. § 1983 [unconst. Govt. policy]** |
| | **6. Violation of California Labor Code § 1102.5** |
| | **7. Invasion of Privacy: California Constitution, Art. 1, §1** |
| | **8. Defamation: California Civil Code § 43** |
| | **9. Intentional Interference with Contractual Relations** |
| | **10. Intentional Infliction of Emotional Distress** |
| | **11. Negligent Infliction of Emotional Distress** |
| | Complaint Filed: |
| | Trial Date: |

COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF DEBRA AVENMARG by seeking claims for relief against HUMBOLDT COUNTY, JEFFREY BLANCK, and DOES ONE THROUGH FIFTY, herein alleges:

## INTRODUCTION

1.      This action is brought by Plaintiff DEBRA AVENMARG (hereinafter "PLAINTIFF' or "AVENMARG"), who was employed by DEFENDANT HUMBOLDT COUNTY (hereinafter "COUNTY"), for invasion of privacy, defamation, intentional interference with contractual relations and retaliation, as set forth herein.

2.      DEFENDANTS interfered with PLAINTIFF'S constitutionally protected right to privacy, by demanding that she make an untenable choice between career and her family, expressly stating that if she did not stop participating in the care of the child in need, she would be fired.

3.      JEFFREY BLANCK (hereinafter "BLANCK") and DOES 1-50 falsely accused PLAINTIFF of violating her ethical duties as an attorney.

4.      DEFENDANTS terminated PLAINTIFF from her position.

5.      After PLAINTIFF'S termination, DEFENDANTS continued to interfere with PLAINTIFF'S subsequent employment by filing, in bad faith, motions to disqualify her as legal counsel in retribution.

6.      DEFENDANTS continued to retaliate against PLAINTIFF, by submitting to the California State Bar, an unfounded allegation that PLAINTIFF violated ethical rules regarding a conflict of interest.

7.      DEFENDANTS' treatment of PLAINTIFF constituted a continuing pattern of illegal conduct which caused great harm to PLAINTIFF.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1343(4). This action arises under federal law: Civil Rights Act of 1871, 42 U.S.C. § 1983, et seq., and the United States Constitution.

9.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. 1391(e), because the unlawful practices alleged in this complaint occurred in the Northern District of California.

COMPLAINT AND DEMAND FOR JURY TRIAL

**INTRADISTRICT ASSIGNMENT**

10.     Assignment of this action to the Eureka Division of this Court is proper pursuant to Local Rule 3-2(c) and (d) because the events giving rise to this action occurred in Humboldt County, California.

**PARTIES**

11.     PLAINTIFF is an adult female. She was employed by the HUMBOLDT COUNTY in Humboldt, California, as a Deputy County Counsel.

12.     The true names or capacities of, whether individual, corporate, associate, subsidiary or otherwise, of DEFENDANTS DOE 1 to DOE 50 are unknown to PLAINTIFF, who therefore sues such DEFENDANTS under fictitious names, and will amend this Complaint to show their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the DEFENDANTS designated as DOE 1-50, is negligently responsible in some manner for the events and happenings referred to, and thereby proximately caused injuries and damages to PLAINTIFF as alleged herein.

13.     At all times mentioned herein, PLAINTIFF is informed and believes and thereon alleges that each and every DEFENDANT was the agent, employee, and/or servant of every other DEFENDANT and performed the acts complained of herein in the course and scope of such agency, servitude, and/or employment, and acted with the consent, ratification, permission, knowledge, and/or authorization of each of the remaining DEFENDANTS. All of the acts and/or conduct of each DEFENDANT alleged in the causes of action into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the officers and/or managing agents of every other DEFENDANT. DEFENDANTS are sued both in their own right and on the basis of respondeat superior.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14.     In accordance with the appropriate regulations, codes, and statutes, including but not limited to the Government Code, PLAINTIFF has exhausted her administrative remedies and has timely filed a claim for damages with Humboldt County, as required under California Government Code §§ 905 and 915.

15.     All of the acts alleged herein were in the nature of a continuing violation and/or

COMPLAINT AND DEMAND FOR JURY TRIAL

continuing torts.  All of the misconduct alleged herein was part of the same continuous retaliatory and invasive practices, and at least some of the misconduct occurred within the accrual of this cause of action.

## FACTS

16.     On December 29, 2014, PLAINTIFF became employed with Humboldt County in the Office of County Counsel as Deputy County Counsel. PLAINTIFF was one of three attorneys assigned to provide legal services to the Child Welfare Services ("CWS") department at the trial level.

17.     Shortly after commencing employment, on or about January 2015, PLAINTIFF noticed a confidential juvenile case in the Humboldt County Counsel office.  The name stood out because she recognized it as an extended family member. She immediately brought the matter to the attention of the Humboldt County Counsel legal secretary, Eliza Onate and informed her that she had an apparent conflict. The legal secretary noted the conflict for the office, marked the file showing PLAINTIFF's connection with the juvenile and instructed PLAINTIFF was not to receive any information about the case.  On that same day, PLAINTIFF also advised the Deputy County Counsel assigned to the case of the apparent conflict, so that he would not discuss the case with her. In short, the County Counsel's office created a "firewall" and the Office departments' protocols, policies and procedures were followed. PLAINTIFF was personally ethically screened from the case within County Counsel's Office.

18.     On or about September 9, 2015, the juvenile was detained and placed in foster care by CWS. PLAINTIFF informed the Deputy County Counsel and the attorneys involved in the case that a family member was requesting placement of the child and that they should be aware of the sensitivity of the situation and that PLAINTIFF has a conflict on the case. PLAINTIFF informed Deputy Counsel and the attorneys that she should be treated as a non-related extended family member (NREFM).

19.     On or around the end of September or early October 2015, the juvenile was placed by CWS with the PLAINTIFF'S family member. PLAINTIFF'S family member required assistance with the care of the juvenile and PLAINTIFF obtained an approved modified schedule with the County Counsel's Office which allowed her to provide assistance to the juvenile.

COMPLAINT AND DEMAND FOR JURY TRIAL

20.    In or around early December 2015, it was suggested by Child Welfare Services that the juvenile be placed with PLAINTIFF.  PLAINTIFF took action to seek the appropriate approvals, with both the CWS and the County Counsel Office to become a foster parent to the juvenile.

21.    On or about December 11, 2015, PLAINTIFF was advised that she satisfied requirements of becoming a foster parent; however, a determination was being withheld while CWS discussed PLAINTIFF'S status as an employee with the County Counsel's Office which provided legal representation to CWS.

22.    Shortly thereafter and with County Counsel and CWS approval, the juvenile began having extended visits with PLAINTIFF.

23.    At around early November 2015, PLAINTIFF met with the Court Appointed Special Advocate (CASA) who was assigned to meet with the juvenile weekly for the purpose of advocating on the juvenile's behalf.   PLAINTIFF arranged for the CASA to start meeting with the child on a weekly basis.

24.    On or about December 15, 2015, PLAINTIFF and her spouse submitted Livescan fingerprinting to be eligible to be considered for fostering with the County.  PLAINTIFF also attempted to make an appointment with CWS to finalize the paperwork to become the child's foster parent. However, she was informed by Assistant County Counsel that further discussions need to take place before PLAINTIFF can become the child's foster parent.

25.    On or about December 21, 2015, with approval from both the Humboldt County Counsel's Office and Humboldt County Child Welfare Services, PLAINTIFF became the foster parent for the juvenile.  PLAINTIFF was advised by both agencies that her request for placement had been approved.

26.    To ensure the efficacy of the ethical screenings in place, PLAINTIFF was advised by Assistant County Counsel that the County Counsel's Office further strengthened the firewall in the office that served to completely screen PLAINTIFF from accessing information about the case.

27.    On or about May 13, 2016, PLAINTIFF sought the assignment of a mentor, a support provided to other foster parents in the COUNTY.  PLAINTIFF located a local mentor

COMPLAINT AND DEMAND FOR JURY TRIAL

who was willing to work with her.

28.     On or about May 24, 2016, PLAINTIFF's foster child's case was transferred from Humboldt County Counsel's Office to Del Norte County Counsel's office.  Due to the ethical screenings in place, PLAINTIFF was not informed of the reasoning for the transfer beyond it having something to do with the screening between her and the County Counsel Office in the case.

29.     On or about June 15, 2016, PLAINTIFF was advised, by Social Worker Supervisor of the Humboldt County Department of Health and Human Services, who is in charge of CWS' foster parent mentoring program in DEFENDANT COUNTY, that the potential mentor that PLAINTIFF connected with, could not be assigned to her and PLAINTIFF cannot have a foster parent mentor from Humboldt because the matter had been transferred to Del Norte County.  PLAINTIFF was further advised that because she was employed with Humboldt County as a Deputy County Counsel that she could not attend any foster parent support groups in the County.

30.     On or about September 6, 2016 PLAINTIFF filed her first "Caregiver Information Form" (JV-290) with the court objecting to a proposed process for visitation made by the juvenile's mother.

31.     On or about June 6, 2017, Del Norte County Counsel and Del Norte County CWS declined to continue overseeing PLAINTIFF's foster child's case and transferred the matter back to DEFENDANT COUNTY. Humboldt CWS then retained private outside counsel on the juvenile's case rather than utilizing representation from the Humboldt County Counsel Office.

32.     On or about July of 2017, PLAINTIFF was advised by her employer, County Counsel's Office, that she must surrender her role as a foster parent for the child or be removed from her usual job duties and switch assignments with a newer attorney in the office who did not handle dependency cases, as an ethical screening measure.  PLAINTIFF opted to switch assignments and continue to be a foster parent.

33.     Also, at some point around this time, Assistant County Counsel recommended that PLAINTIFF apply for "de facto parent" status of her foster child and extended family member, and that she should seek an attorney in the proceedings. PLAINTIFF informed

COMPLAINT AND DEMAND FOR JURY TRIAL

Assistant County Counsel, that she was not prepared to do so at that time.

34.     On or about August 9, 2017, the court was discussing with PLAINTIFF the possibility of transitioning the juvenile to his parents. PLAINTIFF filed her first "Caregiver Information Form" (JV-290) regarding visitation and placement of the juvenile.

35.     A month later, on or about September 9, 2017, CWS retained a different private attorney. The private counsel remained the private attorney, representing CWS related to the juvenile's case until PLAINTIFF'S termination of employment.

36.     On or about September 27, 2017, PLAINTIFF again filed "Caregiver Information Form" (JV-290) this time requesting visitation with her foster child in anticipation of the case closing.  In addition, other members of PLAINTIFF'S family and extended family filed similar "Relative Information Forms" requesting visitation.

37.     On or about September 28, 2017, the juvenile was returned to the care of his parents.   PLAINTIFF'S request for visitation and the requests of the other relatives were not formally addressed by the Court but PLAINTIFF was permitted to visit the juvenile via an informal agreement.

38.     On or about October 16, 2017, PLAINTIFF was advised by her employer, County Counsel's Office, that they were short staffed and would require her to take dependency cases. PLAINTIFF was provided with two options:  CWS appeals in addition to her current assignments or return to her previous CWS assignment.  PLAINTIFF selected CWS appeals because the foster care case she was involved in remained open at that time.

39.     On or about October 23, 2017, PLAINTIFF was advised by DEFENDANT BLANCK and Assistant County Counsel that she will be reassigned to CWS to take dependency cases and also to continue working on an appeal.  DEFENDANT BLANCK and Assistant County Counsel told PLAINTIFF that the County Counsel's Office never had an actual conflict as a result of her role as a foster parent and as a Deputy County Counsel assigned to dependency cases, but that they had undertaken cautionary measures.  They further advised that that if PLAINTIFF'S foster child came back into her care, that private counsel (also commonly referred to as conflicts counsel) for Humboldt Child Welfare Services, was prepared to argue that point. PLAINTIFF inquired why the reassignment of PLAINTIFF's duties was removed in the first

COMPLAINT AND DEMAND FOR JURY TRIAL

place and they advised that in hindsight, they would have done things differently. When PLAINTIFF asked what to do about the appeal that she started working on, she was informed that she was expected to do both. PLAINTIFF expressed her concern that she would not be able to juggle both reassignment to a full dependency case load and the appeal.  DEFENDANT dismissed her concerns.

40.     On or about October 30, 2017, PLAINTIFF was returned to her assignments with CWS.

41.     On or about November 2017, County Counsel took back the appeal, due to the clear impracticability of assigning a full CWS workload and an appeal to a single Deputy County Counsel.

42.     On or about December of 2017, the juvenile was again detained and a placement was transferred.  The result for PLAINTIFF was that she no longer had visitation via an informal agreement. Assistant County Counsel directed PLAINTIFF to reassign six of her cases to the other CWS Deputy County Counsels due to assignment of a specific social worker to the juvenile's case and that particular social worker's current involvement in those six cases.

43.     On or about May 29, 2018, PLAINTIFF filed a motion for "De Facto Parent Status" and JV-180 form to request visitation for herself and relatives and to provide the Court with information about the child, relatives, NREFMs, and the parents. This was PLAINTIFF'S fourth time filing in the case during the term of her employment with the County.

44.     On or about May 29, 2018, PLAINTIFF was called into the office of County Counsel with Assistant County Counsel present. DEFENDANT BLANCK and Assistant County Counsel told PLAINTIFF that they had discussed with the director of Humboldt Child Welfare Services PLAINTIFF'S motions filed in the juvenile's case.  Their position was that PLAINTIFF would be potentially adverse to the County Counsel if given standing in the case.  This came as a surprise to PLAINTIFF because she had already been filing "Caregiver Information Forms" without any issue, and it was Assistant County Counsel that previously encouraged PLAINTIFF to file for "de facto parent" status.  She had also been informed previously there was no conflicts with regard to her foster parent role.  They inquired whether PLAINTIFF intended to appeal if she lost the motion and PLAINTIFF responded in the affirmative. DEFENDANT BLANCK told

COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF that such action was directly adverse to her client, DEFENDANT COUNTY, and would require her client, DEFENDANT COUNTY, to defend against the motion and any subsequent appeal.  PLAINTIFF was advised to call the State Bar ethics hotline.  During the meeting DEFENDANT BLANCK and Assistant County Counsel encouraged PLAINTIFF to withdraw her motions.  This would have mean that PLAINITFF would be abandoning her efforts to serve as a de facto parent to the juvenile and abandon her efforts to care for the juvenile family member in need.  After the meeting, PLAINTIFF left a message for the State Bar ethics hotline.

45.     On or about May 30, 2018, PLAINTIFF received and returned a phone call from the State Bar ethics hotline.  She described the potential ethical situation.  The hotline caller could not provide any specific citations for her situation.  PLAINTIFF was not provided clear guidance aside from confirmation that the previous ethical screens were significant, and that the matter would benefit from a proceeding before a judge who could make a ruling after presented with all of the facts.  PLAINTIFF conveyed this information to Assistant County Counsel only, who responded that she would not discuss the matter without DEFENDANT BLANCK present.

46.     On or about May 31, 2018, PLAINTIFF was again called into DEFENDANT BLANCK's office with Assistant County Counsel only present.  DEFENDANT BLANCK told PLAINTIFF that she would need to withdraw the motion for de facto parent status and motion for visitation or leave her position with DEFENDANT COUNTY.  PLAINTIFF was given until the following Monday to make a decision.  PLAINTIFF said that she was not planning on withdrawing her motion or withdrawing from her employment. Assistant County Counsel, told PLAINTIFF to think about it for a few days.  Assistant County Counsel then told PLAINTIFF that the County Counsel's Office had a new policy that Deputy County Counsels could not take placement of foster children in Humboldt County.  This meant that even if PLAINTIFF qualified for placement, as she had in the past, she would nonetheless be ineligible due to her employment with the County.  DEFENDANT COUNTY was effectively, preventing PLAINTIFF from being able to care for her former foster child, despite the fact that the juvenile had been living with her for almost two years and despite the fact that she may be the only familiar person to him willing to take him. It appeared the policy was created specifically to fire Plaintiff, if she insisted on being a foster parent to her extended family member.

COMPLAINT AND DEMAND FOR JURY TRIAL

47.     On Monday June 4, 2018, PLAINTIFF was again called into speak with DEFENDANT BLANCK and Assistant County Counsel.  PLAINTIFF reported to the County Counsel that she would neither withdraw her motion nor resign from her position.   PLAINTIFF was then terminated from her position as a Deputy County Counsel.   She was instructed to make an appointment to clean out her office after hours and to immediately leave the premises. PLAINTIFF did not receive payment of wages for the date she was fired.

48.     On or about June 5, 2018, Lead Attorney for the panel of court appointed counsel in dependency cases reached out to PLAINTIFF and informed her that there was a newly created full time position on the panel and she would be eligible to obtain a contract with the court to join the panel of court appointed counsel in dependency cases and she recommended that PLAINTIFF should try to obtain a waiver of any potential conflicts from the County Counsel's Office.

49.     On or about June 7, 2018, PLAINTIFF sought a waiver from the County Counsel's Office to proceed with representation in dependency cases.   Assistant County Counsel response was encouraging and she was advised that a response would be forthcoming.

50.     On or about June 8, 2018, PLAINTIFF sent an email correspondence to DEFENDANT'S Human Resources Director to preserve her appeal rights, if any, and to state that she believed she was wrongly terminated.  Shortly thereafter, Assistant County Counsel wrote to PLAINTIFF that she was made aware of the fact that PLAINTIFF filed a complaint regarding the COUNTY'S termination of her and based on that information Assistant County Counsel could no longer communicate to her about the waiver for the conflict of interest issue.

51.     On or about June 17, 2018, PLAINTIFF received a paycheck in the mail including pay for her last days worked and paying out vacation time.

52.     On or about July 02, 2018, PLAINTIFF began contracting with the Humboldt Superior Court to accept court appointments for parents, children and other parties to juvenile dependency matters.

53.     On or about July 5, 2018, PLAINTIFF received a final check reimbursing her for travel expenses incurred while employed with the County. The check was received by mail.

54.      On or about July 9, 2018, the Humboldt County Counsel's Office began

COMPLAINT AND DEMAND FOR JURY TRIAL

objecting to PLAINTIFF'S appointment on all juvenile cases. One Deputy Counsel made motions to disqualify PLAINTIFF from all of her cases, including newly filed cases not in existence at the time of her employment with DEFENDANT COUNTY. The other Deputy Counsel filed motions to disqualify PLAINTIFF from all of the cases that existed at the time PLAINTIFF worked for DEFENDANT COUNTY. Both Deputy Counsels argued that PLAINTIFF had not obtained waivers from the County or her clients, and children and that they cannot consent to a waiver of PLAINTIFF'S alleged conflict.

55.     In addition to the oral motions to disqualify her on the majority of her cases, PLAINTIFF was handed written motions to disqualify her on or about July 10, 2018.

56.     On or about July 17, 2018, PLAINTIFF received additional motions to disqualify her.

57.     On or about July 19, 2018, motions to disqualify PLAINTIFF as counsel were consolidated and a contested hearing on the issue took place. DEFENDANT BLANCK represented the County Counsel's Office in the proceeding and argued to disqualify PLAINTIFF on all cases that existed in the office during her employment with the Office. The matter was resolved by the parties prior to ruling. The result was that the County untimately withdrew its bid to disqualify PLAINTIFF.

58.     On or about May 17, 2019, PLAINTIFF received a notice from the State Bar of California, stating that they had received a complaint from DEFENDANT BLANCK alleging that she has violated ethical rules.

### FIRST CLAIM FOR RELIEF

### INVASION OF PRIVACY

### U.S CONSTITUTION, FOURTEENTH AMENDMENT

### BY PLAINTIFF AGAINST DEFENDANT

59.     PLAINTIFF alleges and incorporates by reference paragraphs 1 through 58 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for invasion of privacy.

60.     Deriving from the Due Process Clause of the Fourteenth Amendment, the

COMPLAINT AND DEMAND FOR JURY TRIAL

freedom to make certain kinds of important decision, including those about family and parenthood, are protected by the right of privacy.

61.     As described above, DEFENDANT BLANCK intentionally intruded on PLAINTIFF'S privacy by falsely accusing PLAINTIFF of being in violation of her ethical duties as an attorney, due to an alleged conflict of interest arising from PLAINTIFF's efforts to remain involved in the life and care of her former foster child and extended family member.

62.     DEFENDANT BLANCK further intentionally intruded by requiring PLAINTIFF to choose between rescinding her motion to obtain de facto parental status and visitation of her formal foster child and extended family member or cease working with DEFENDANT COUNTY. When PLAINTIFF refused to rescind her motions or voluntarily quit her employment with DEFENDANT COUNTY, DEFENDANT BLANCK terminated PLAINTIFF'S employment.

63.     DEFENDANTS' false accusations and termination of PLAINTIFF, constitute conduct that would be highly offensive to a reasonable person.

64.     DEFENDANTS' actions were a substantial factor in causing harm to PLAINTIFF. PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

65.     As a direct and proximate result of DEFENDANTS' violation of PLAINTIFF'S Constitutional right to privacy, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

66.     As a further direct and proximate result of DEFENDANTS' invasion of PLAINTIFF'S privacy, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

COMPLAINT AND DEMAND FOR JURY TRIAL

67.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANTS was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS and DOES 1-50 for which DEFENDANTS are all liable to PLAINTIFF. DEFENDANTS intentionally personally engaged in such outrageous misconduct as alleged herein.  As a result, PLAINTIFF is entitled to recover punitive damages against said DEFENDANT. While the conduct of DEFENDANT COUNTY was also grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to the PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences, PLAINTIFF does not seek punitive damages against DEFENDANT COUNTY, given that punitive damages, by law, are not available against a public entity of the State of California.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

<u>**SECOND CLAIM FOR RELIEF**</u>

<u>**RETALIATION**</u>

<u>**IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871**</u>

<u>**BY PLAINTIFF AGAINST DEFENDANT**</u>

68.     PLAINTIFF alleges and incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for retaliation.

69.     At all times relevant to this action, the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq,* was in full force and effect. Under 42. U.S.C. § 1983, employees are protected from their employers, who acting in their official capacities under color of state law, retaliate against them for the exercise of a constitutional right.

COMPLAINT AND DEMAND FOR JURY TRIAL

70.    PLAINTIFF engaged in constitutionally protected activity by making the decision to seek visitation with her former foster child and extended family member, under her right to privacy as deriving from the Due Process Clause of the Fourteenth Amendment of the U.S Constitution.

71.    DEFENDANTS wrongfully terminated PLAINTIFF for exercising her constitutionally protected activity.

72.    DEFENDANTS relentlessly filed motions in attempt to disqualify PLAINTIFF as counsel in her juvenile dependency cases after her termination, for PLAINTIFF'S exercise of constitutionally protected activity.

73.    DEFENDANT BLANCK, filed a complaint containing false or inaccurate statements to the California State Bar, accusing PLAINTIFF of violating a conflict of interest, for PLAINTIFF'S exercising of her constitutionally protected activity.

74.    DEFENDANTS, thus, retaliated against PLAINTIFF for engaging in a protected activity.

75.    DEFENDANTS' acts would likely have deterred a person of ordinary firmness from engaging in that protected activity; and

76.    As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

77.    As a direct and proximate result of DEFENDANTS' and DOES 1-50's retaliation, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

78.    As a further direct and proximate result of DEFENDANTS' and DOES 1-50's retaliation, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS and DOES 1-50, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently

COMPLAINT AND DEMAND FOR JURY TRIAL

unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1871
### U.S CONSTITUTION, FIRST AMENDMENT RIGHT TO PETITON
### BY PLAINTIFF AGAINST ALL DEFENDANTS

79.    PLAINTIFF alleges and incorporates by reference paragraphs 1 through 78 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for violation of PLAINTIFF'S First Amendment right to petition the courts for redress of grievances.

80.    At all times relevant to this action, the Civil Rights Act of 1871, 42 U.S.C. § 1983 was in full force and effect. Section 1983 creates a cause of action against persons, who acting under color of state law, deprives another of any rights, privileges, or immunities guaranteed under the Constitution.

81.    DEFENDANTS acted with the requisite culpable state of mind as required by law, in interfering with PLAINTIFF'S First Amendment right to petition the court, as she filed motions for the care of her former foster child and extended family member.

82.    DEFENDANT BLANCK was acting in the performance of his official duties as County Counsel, under the color of state law.

83.    DEFENDANT BLANCK'S conduct violated PLAINTIFF'S right First Amendment Right to petition the courts; and

84.    As a direct, foreseeable, and proximate result of DEFENDANTS' and DOES 1-50's actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

85.    As a direct and proximate result of DEFENDANTS' and DOES 1-50's violation

COMPLAINT AND DEMAND FOR JURY TRIAL

of Plaintiff's First Amendment right to petition, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

86.     As a further direct and proximate result of DEFENDANTS' and DOES 1-50's violation of Plaintiff's First Amendment right to petition, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS and DOES 1-50's, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

<u>**FOURTH CLAIM FOR RELIEF**</u>

<u>**VIOLATION OF THE CIVIL RIGHTS ACT OF 1871**</u>

<u>**U.S CONSTITUTION, RIGHT TO FAMILIAL RELATIONS**</u>

<u>**BY PLAINTIFF AGAINST ALL DEFENDANTS**</u>

87.     PLAINTIFF alleges and incorporates by reference paragraphs 1 through 86 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for violation of PLAINTIFF'S First and Fourteenth Amendment rights to engage in familial relations.

88.     At all times relevant to this action, the Civil Rights Act of 1871, 42 U.S.C. § 1983 was in full force and effect. Section 1983 creates a cause of action against persons, who acting under color of state law, deprives another of any rights, privileges, or immunities guaranteed under the Constitution.

89.     DEFENDANTS acted with the requisite culpable state of mind as required by law, in interfering with PLAINTIFF'S rights to associate in familial relations under the First Amendment and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

COMPLAINT AND DEMAND FOR JURY TRIAL

90.     DEFENDANT BLANCK was acting in the performance of his official duties as County Counsel, under the color of state law.

91.     DEFENDANT BLANCK'S conduct violated PLAINTIFF'S right First Amendment and Fourteenth Amendment rights to associate in familial relations; and

92.     As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

93.     As a direct and proximate result of DEFENDANTS' and DOES 1-50's violation of Plaintiff's First and Fourteenth Amendment rights to familial relations, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

94.     As a further direct and proximate result of DEFENDANTS' violation of Plaintiff's First and Fourteenth Amendment rights to familial relations, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

<u>**FIFTH CLAIM FOR RELIEF**</u>

<u>**VIOLATION OF THE CIVIL RIGHTS ACT OF 1871**</u>

<u>**UNCONSTITUTIONAL GOVERNMENT POLICY**</u>

<u>**BY PLAINTIFF AGAINST DEFENDANTS**</u>

95.     PLAINTIFF alleges and incorporates by reference paragraphs 1 through 94 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for violation of PLAINTIFF'S First and Fourteenth

COMPLAINT AND DEMAND FOR JURY TRIAL

Amendment rights to familial association.

96.     At all times relevant to this action, the Civil Rights Act of 1871, 42 U.S.C. § 1983 was in full force and effect. Section 1983 creates a cause of action against local government entities that implement or execute a policy, statement, ordinance, regulation, or official decision, deprives a citizen of their constitutional rights.

97.     DEFENDANT COUNTY had an official policy that prevented Humboldt County Counsel from taking placement of foster children in Humboldt County;

98.     DEFENDANT BLANCK was an employee/officer of DEFENDANT COUNTY;

99.     DEFENDANT BLANCK acted with the requisite culpable intent as required by law, in implementing or approving DEFENDANT COUNTY'S policy forbidding Humboldt County Counsel from taking placement of foster children in Humboldt County.

100.    DEFENDANT BLANCK's conduct violated PLAINTIFF'S right to familial association as protected under the First Amendment and Fourteenth Amendment Due Process Clause and Equal Protection Clause.

101.    DEFENDANT BLANCK acted because of this official policy.

102.    As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

103.    As a direct and proximate result of DEFENDANTS' retaliation, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

104.    As a further direct and proximate result of DEFENDANTS' and DOES 1-50's retaliation, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS and DOES 1-50's, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF CAL. LABOR CODE § 1102.5(b), (c)

## BY PLAINTIFF AGAINST ALL DEFENDANTS

105.    PLAINTIFF alleges and incorporates by reference paragraphs 1 through 104 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for violation of PLAINTIFF'S First and Fourteenth Amendment rights to familial association.

106.    At all times herein mentioned, Labor Code § 1102.5 was in full force and effect and was binding upon DEFENDANTS and DOES 1-50's.  Said sections require DEFENDANTS and DOES 1-50's to refrain from retaliating against an employee "for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

107.    Said sections also prohibit DEFENDANTS and DOES 1-50 from retaliating "against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

108.    Said sections also clarify that "[a] report made by an employee of a government agency to his or her employer is a disclosure of information to a government or law enforcement agency pursuant to subdivisions (a) and (b)."

109.    At all times during PLAINTIFF'S employment with DEFENDANTS and DOES

COMPLAINT AND DEMAND FOR JURY TRIAL

1-50's, PLAINTIFF performed her duties in a satisfactory fashion as hereto set forth.

110.   PLAINTIFF engaged in a protected activity as defined under Labor Code §1102.5.

111.   DEFENDANTS and DOES 1-50 retaliated against PLAINTIFF after she engaged in a protected activity pursuant to Labor Code §1102.5.

112.   PLAINTIFF is informed and believes that in addition to the practices identified in this Complaint, DEFENDANTS and DOES 1-50 have engaged in other retaliatory practices which are not fully known by PLAINTIFF.  The above referenced acts of retaliation are not meant to be exhaustive, but merely exemplary of the kinds of acts of retaliation against PLAINTIFF.

113.   The aforementioned conducts of DEFENDANTS and DOES 1-50 constitutes a continuing violation of PLAINTIFF'S rights from the first act to the latest action.

114.   As a direct, foreseeable, and proximate result of DEFENDANTS' and DOES 1-50's actions, PLAINTIFF has suffered and continues to suffer personal and professional embarrassment and humiliation, mental anguish, emotional distress and discomfort, and injury to reputation. PLAINTIFF'S damages are in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

115.   As a direct and proximate result of DEFENDANTS' and DOES 1-50's unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur medical expenses, loss of benefits, lost wages, opportunities for employment and advancement, and work experience, all to his damage in an amount according to proof at trial.

116.   As a further direct and proximate result of DEFENDANTS' and DOES 1-50's violation of the Labor Code § 1102.5, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with DEFENDANTS and DOES 1-50's , and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

117.   **WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

COMPLAINT AND DEMAND FOR JURY TRIAL

## SEVENTH CLAIM FOR RELIEF

## INVASION OF PRIVACY

## CALIFORNIA CONSTITUTION, ARTICLE 1, SECTION 1

## (BY PLAINTIFF AGAINST DEFENDANTS)

118.    By reference, PLAINTIFF hereby incorporates paragraphs 1 through 117 of this Complaint as if they were set forth within this cause of action.  PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for invasion of privacy.

119.    At all times herein mentioned, California Constitution, Article 1, Sec. I, was in full force and effect and was binding upon DEFENDANTS and DOES 1-50. Under said section the freedom of intimate association, the raising and education of one's children, and cohabitation with relatives are protected rights of privacy, and an employer is not allowed to interfere with those privacy rights.

120.    PLAINTIFF had a reasonable expectation of privacy in making the decision to become more involved in the life of her former foster child and extended family member by filing motions to obtain "de facto status" of the juvenile and for visitation.

121.    As described above, DEFENDANT BLANCK intentionally intruded on PLAINTIFF'S privacy by falsely accusing PLAINTIFF of being in violation of her ethical duties as an attorney, due to an alleged conflict of interest arising from PLAINTIFF's efforts to remain involved in the life and care of her former foster child and extended family member.

122.    DEFENDANT BLANCK further intentionally intruded by requiring PLAINTIFF to choose between rescinding her motion to obtain de facto parental status and visitation of her formal foster child or cease working with DEFENDANT COUNTY. When PLAINTIFF refused to rescind her motions or voluntarily quit her employment with DEFENDANT COUNTY, DEFENDANT BLANCK terminated PLAINTIFF'S employment.

123.    DEFENDANTS' false accusations and termination of PLAINTIFF, constitute conduct that would be highly offensive to a reasonable person.

124.    DEFENDANTS' actions were a substantial factor in causing harm to PLAINTIFF. PLAINTIFF has suffered and continues to suffer humiliation, embarrassment,

COMPLAINT AND DEMAND FOR JURY TRIAL

mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

125.    As a direct and proximate result of DEFENDANTS' violation of PLAINTIFF'S Constitutional right to privacy, PLAINTIFF has incurred, and will continue to incur expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to their damage in an amount according to proof.

126.    As a further direct and proximate result of DEFENDANTS' invasion of PLAINTIFF'S privacy, PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce her right to privacy with DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorney's fees and costs of suit as provided by law.

127.    PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANTS was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS for which DEFENDANT DOES 1-50 are all liable to PLAINTIFF. DEFENDANTS intentionally personally engaged in such outrageous misconduct as alleged herein.  As a result, PLAINTIFF is entitled to recover punitive damages against said DEFENDANT. While the conduct of DEFENDANT COUNTY was also grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to the PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences, PLAINTIFF does not seek punitive damages against DEFENDANT COUNTY, given that punitive damages, by law, are not available against a public entity of the State of California.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

COMPLAINT AND DEMAND FOR JURY TRIAL

## EIGHTH CLAIM FOR RELIEF

## DEFAMATION

## CALIFORNIA CIVIL CODE § 43.

## BY PLAINTIFF AGAINST ALL DEFENDANTS

128.    PLAINTIFF alleges and incorporates by reference paragraphs 1 through 127 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for defamation.

129.    At all times relevant to this action, California Civil Code § 43, *et seq.* were in full force and effect. Section 43 provides that every person has, subject to the qualifications and restrictions provided by law, the right of protection from…defamation, and from injury to his personal relations. Defamation is affected by either of the following: (a) Libel; (b) Slander.

130.    Civil Code Section 44 defines slander as a category of defamation.

131.    Civil Code Section 45 provides: "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

132.    Civil Code Section 46 provides:

Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:

1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;

3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

4. Imputes to him impotence or a want of chastity; or

COMPLAINT AND DEMAND FOR JURY TRIAL

5. Which, by natural consequence, causes actual damage.

133.   DEFENDANTS and DOES 1-50 made statements set forth above verbally and in writing to persons other than PLAINTIFF.

134.   These persons reasonably understood that the statements were about PLAINTIFF.

135.   The persons reasonably understood the statement(s) to mean that PLAINTIFF was in violation of her ethical duties, as an attorney, regarding conflicts of interests.

136.   These statements impugned PLAINTIFF'S reputation in her profession, and the statements were false.

137.   DEFENDANTS and DOES 1-50 were well aware of the falsity of the statements or had serious doubts about the truth of the statements at the time that the statements were made. DEFENDANTS and DOES 1-50 failed to use reasonable care to determine the truth or falsity of the statement(s).

138.   As a direct and proximate result of DEFENDANTS' and DOES 1-50's unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all due to this damage in an amount according to proof.

139.   As a direct, foreseeable, and proximate result of DEFENDANTS' and DOES 1-50's actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

140.   As a further direct and proximate result of DEFENDANTS' and DOES 1-50's violation of the Civil Code § 43, et seq., PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him DEFENDANTS and DOES 1-50, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFFS are therefore entitled to reasonable attorneys' fees and costs of suit pursuant to, but not limited by, Cal. Civ. Pro. Sec. 1021.5.

141.   PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANTS and DOES 1-50 was grossly intentional, negligently reckless, willful, wanton,

COMPLAINT AND DEMAND FOR JURY TRIAL

malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS and DOES 1-50, for which DEFENDANTS and DOES 1-50 are all liable to PLAINTIFF.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

<u>**NINTH CLAIM FOR RELIEF**</u>

<u>**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**</u>

<u>**CALIFORNIA COMMON LAW**</u>

<u>**BY PLAINTIFF AGAINST ALL DEFENDANTS**</u>

142.    PLAINTIFF alleges and incorporates by reference paragraphs 1 through 141 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this complaint except those that are inconsistent with a cause of action for intentional interference with contractual relations.

143.    PLAINTIFF had a contract with the Humboldt County Superior Court to represent parents and children in juvenile dependency matters.

144.    DEFENDANTS knew of PLAINTIFF'S contract with the Humboldt County Superior Court

145.    DEFENDANTS' conduct prevented PLAINTIFF'S performance of the contract or made performance more expensive or difficult.

146.    DEFENDANTS intentionally disrupted PLAINTIFF'S performance of her contract by filing motions to disqualify her from her cases, even brand new cases that did not exist at the time that she worked for DEFENDANT COUNTY.

147.    Furthermore, DEFENDANT has even submitted, a false/inaccurate complaint to the California State Bar, in order to further disrupt PLAINTIFF'S ability to fulfill her contract with the Humboldt Superior Court as a practicing attorney.

148.    As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and

COMPLAINT AND DEMAND FOR JURY TRIAL

emotional distress and discomfort, all to PLAINTIFF'S damage in amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## TENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

149.    PLAINTIFF alleges and incorporates by reference Paragraphs 1 through 148 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for intentional infliction of emotional distress.

150.    The conduct set forth herein above by DEFENDANTS and DOES 1-50 was extreme and outrageous. Said conduct was intended to cause and did cause severe emotional distress or was done in conscious disregard of the probability of causing such distress.

151.    As a proximate result of said conduct, PLAINTIFF has suffered and continues to suffer discomfort anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

152.    PLAINTIFF informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by DEFENDANTS and DOES 1-50 was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. As a result, PLAINTIFF is entitled to recover punitive damages against said DEFENDANT. While the conduct of DEFENDANT DEPUTY COUNTY was also grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to the PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences, PLAINTIFF does not seek punitive damages against DEFENDANT COUNTY, given that punitive damages, by law, are not available against a public entity of the State of California.

COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## ELEVENTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

153.    PLAINTIFF alleges and incorporates by reference Paragraphs 1 through 152 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for negligent infliction of emotional distress.

154.    By engaging in the conduct set forth herein, DEFENDANTS and DEFENDANT DOES 1-50 have negligently breached their duty of care not to engage in the conduct alleged. PLAINTIFF asserts this cause of action against DEFENDANT COUNTY based on vicarious liability, not direct liability.

155.    PLAINTIFF has suffered and continues to suffer discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

156.    DEFENDANTS' negligence was a substantial factor in causing PLAINTIFF'S serious emotional distress.

157.    PLAINTIFF is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by all DEFENDANTS and DEFENDANT DOES 1-50 was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF'S rights.  As a result, PLAINTIFF is entitled to recover punitive damages against said DEFENDANT. While the conduct of DEFENDANT COUNTY was also grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to the PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences, PLAINTIFF does not seek punitive damages against DEFENDANT

COMPLAINT AND DEMAND FOR JURY TRIAL

COUNTY, given that punitive damages, by law, are not available against a public entity of the State of California.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF demands judgment against all DEFENDANTS as follows:

a.      That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

b.      That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

c.      That PLAINTIFF has and recovers a judgment against DEFENDANTS and Does 1-50 for punitive and/or exemplary damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS and Does 1-50;

d.      That PLAINTIFF has and recovers a judgment against DEFENDANTS for civil penalties in an amount to be determined at trial.

e.      That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and expert fees;

f.      That PLAINTIFF has and recovers a judgment against DEFENDANTS enjoining DEFENDANTS from engaging in each of the unlawful practices set forth in this Complaint;

g.      That PLAINTIFF obtains injunctive relief;

h.      That PLAINTIFF recovers pre-judgment and post-judgment interest; and

i.      That PLAINTIFF has such other relief as this Court deems just and appropriate.

j.      And any other relief as allowed by law.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

COMPLAINT AND DEMAND FOR JURY TRIAL

Dated: September 20, 2019                                    Respectfully submitted,

                                              STEWART & MUSELL, LLP

                                              /s/ electronic signature authorized
                                              _____

                                              Elisa J. Stewart
                                              Attorney

COMPLAINT AND DEMAND FOR JURY TRIAL